IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| TIFFANY WADE, individually,<br>and on behalf of all others similarly situated,<br><br>           Plaintiff,<br><br>    v.<br><br>JMJ ENTERPRISES, LLC and<br>TRACI JOHNSON MARTIN,<br><br>           Defendants. | 1:21CV506 |

**MEMORANDUM OPINION AND ORDER**

LORETTA C. BIGGS, District Judge.

Before the Court is a Motion to Conditionally Certify a Collective Action and Facilitate Notice under 29 U.S.C. § 216(b) of FLSA filed by Plaintiff. (ECF No. 8.) For the reasons set forth below, Plaintiff's motion is granted.

Defendants JMJ Enterprises, LLC and Traci Johnson Martin "control, own and/or operate a Special Needs Group Home" in Greensboro, North Carolina, one of which employed Plaintiff as a non-exempt, hourly paid employee until April 2021. (ECF No. 1 ¶¶ 3, 15, 25–26, 50, 52.) Plaintiff began working for Defendants on or about February 22, 2021. (*Id.* ¶ 26.) The next day, Plaintiff attended a training class with five other employees. (*Id.* ¶ 28.) Plaintiff alleges that she was informed by her manager that she would be paid for training; however, when "Plaintiff specifically asked Defendant Martin if her wages included the time she spent in training . . . she was told that the company policy was to not pay for training hours." (*Id.* ¶¶ 27, 34.)

Plaintiff was also instructed to attend a mandatory meeting by her manager. (*Id.* ¶¶ 37–38.) When Plaintiff inquired whether she would be compensated "for the time spent attending the mandatory meeting," she was informed by her manager "that employees would not be paid for the time spent attending the meeting." (*Id.* ¶¶ 38–39.) Plaintiff did not attend the meeting and was consequently written up. (*Id.* ¶¶ 41–42.)

Plaintiff has alleged that Defendants, in violation of the FLSA and NCWHA, failed to compensate her for the time associated with attending training sessions and mandatory meetings. (*Id.* ¶¶ 68–69, 74–75.) Plaintiff now seeks to bring these claims on behalf of those similarly situated and move for certification under federal law. (ECF No. 8.)

## I. CERTIFICATION AS FLSA COLLECTIVE ACTION

### A. Conditional Certification Under FLSA

FLSA's § 216(b) authorizes an employee-plaintiff to bring a suit alleging violations under the statute for and on behalf of "himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). These "collective actions" facilitate judicial and economic efficiency by allowing "a single proceeding of claims stemming from common issues of law and fact." *Houston v. URS Corp.*, 591 F. Supp. 2d 827, 831 (E.D. Va. 2008) (citing *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170–71 (1989)). Certification of a FLSA collective action requires "(1) that the Plaintiffs in the class be 'similarly situated,'" and "(2) that the plaintiffs included in the class 'opt in' by filing with the Court their consent to the suit." *Choimbol v. Fairfield Resorts, Inc.*, 475 F. Supp. 2d 557, 562 (E.D. Va. 2006) (quoting *Brooks v. BellSouth Telecomms., Inc.*, 164 F.R.D. 561, 568 (N.D. Ala. 1995)). FLSA does not define the term

"similarly situated," and neither has the Fourth Circuit. *O'Quinn v. TransCanada USA Servs., Inc.*, 469 F. Supp. 3d 591, 604 (S.D. W. Va. 2020).

Courts have established a two-step analysis in deciding whether plaintiffs are "similarly situated," beginning with a "notice stage" that simply determines whether providing initial notification of the action to potential class members is appropriate. *Id.* (citing *de Asencio v. Tyson Foods, Inc.*, 130 F. Supp. 2d 660, 662 (E.D. Pa. 2001)). This first stage applies a "fairly lenient standard," *id.* (quoting *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213–14 (5th Cir. 1995), and "courts appear to require nothing more than substantial allegations that the putative class member[s] were together the victims of a single decision, policy, or plan," *id.* (quoting *Sperling v. Hoffman-La Roche, Inc.*, 118 F.R.D. 392 (D. N.J. 1988)). At this stage, a court "does not generally consider the merits of the claims, resolve factual disputes, or evaluate credibility." *O'Quinn.*, 469 F. Supp. 3d at 605 (quoting *Hughes v. Gulf Interstate Field Servs., Inc.*, No. 2:14-cv-000432, 2015 WL 4112312, at *1 (S.D. Ohio July 7, 2015)). A defendant's subsequent motion for decertification triggers the second stage of this analysis, and only then does the court employ a "heightened fact specific standard" in determining whether Plaintiffs have met the "similarly situated" bar. *Choimbol*, 475 F. Supp. 2d at 563.

The motion before the Court is in the first stage of the inquiry. At this stage, the "similarly situated" requirement, while modest, is not "invisible." *Houston*, 591 F. Supp. 2d at 831. On the contrary, "[t]here must be sufficient reason to believe that there are issues common to the proposed class that are central to the disposition of the FLSA claims" so that they may be adjudicated without getting into fact-specific digressions. *Id.* at 832. That said, "[r]esolution of the issues raised by Defendants, though certainly pivotal to the Court's

3

ultimate determination of whether Plaintiffs will proceed to trial as a collective class, is not essential." *Choimbol*, 475 F. Supp. 2d at 563 (noting that a fact-specific inquiry at this time is "necessarily limited because the exact contours of the representative class members [are] largely unknown"); *see also O'Quinn*, 469 F. Supp. 3d 604–05 ("At this stage in the proceedings, factual distinctions between putative class members, such as, (1) having different supervisors, (2) having different job duties, (3) working in facilities as distinct locations, and (4) difference [in] amount paid, are not fatal to a motion for conditional class certification in an FLSA action."). Rather, courts simply examine whether plaintiffs allege that "they were victims of a common policy or scheme or plan that violated the law." *Montoya v. S.C.C.P. Painting Contractors, Inc.*, Civ. No. CCB-07-455, 2008 WL 554114, at *2 (D. Md. Feb. 26, 2008).

Here, Plaintiff argues that "JMJ has a policy and/or practice of not paying non-exempt hourly workers minimum wage for all hours worked." (ECF No. 9 at 4.) Plaintiff further argues that Defendants' non-exempt hourly employees are similarly situated to her because: "(1) they perform substantially similar job duties; (2) they were required to work off the clock by attending training sessions and mandatory meetings without being compensated therefor; and (3) they are otherwise subject to the same unlawful wage and hour policies and practices, specifically, JMJ's failure to pay all hours worked." (*Id.*)

In rebuttal, Defendants argue that "[a]ll non-exempt paraprofessionals and counselors who work for JMJ do not perform the same job duties and are therefore not similarly situated." (ECF No. 14 at 4.) Defendants further contend that Plaintiff has failed to allege facts sufficient to establish that (1) "JMJ has a policy and/or practice of not paying non-exempt workers minimum wage for all hours worked"; (2) "that JMJ's non-exempt hourly workers were

4

required to attend training sessions without being compensated"; and (3) "that JMJ's non-exempt employees were required to attend mandatory meetings without compensation." (*Id.* at 5.)

At this stage, however, the Court need not resolve whether this is true. Under § 216(b), the Court instead considers whether Plaintiff has claimed a violation of FLSA that entails a common policy or scheme that would apply to others, and it finds that Plaintiff has sufficiently alleged that Defendants have a policy of not compensating employees for time spent attending training and mandatory meetings. (*See* ECF No. 1 ¶¶ 34, 38–39, 66–70.) The Court thus grants Plaintiff's motion to conditionally certify their FLSA claims under § 216(b).

### B. Proposed Notice to Potential Class Members

Following the certification of a conditional class, a plaintiff is "authorized to send to the putative class members a neutral and accurate notice of their right to opt-in as members of the class" that does not imply, "in any way, court endorsement of the plaintiff's claim." *Irvine v. Destination Wild Dunes Mgmt., Inc.*, 132 F. Supp. 3d 707, 710 (D.S.C. 2015). It must additionally make clear that "the Court has not ruled on the merits and that a class member could be called as a witness at trial and be required to attend." *See id.* at 711. The Court next considers Plaintiff's proposed notice to potential opt-in plaintiffs. (*See* ECF No. 8-1.)

While Defendants do not contest the language of the notice, the Court has reviewed the language of Plaintiff's proposed notice and concludes that the language should be amended as follows: (1) to amend the language in the paragraph entitled "INTRODUCTION" to state "**You are receiving this Notice because *Plaintiff contends that* you are 'similarly situated' to the Plaintiff and are eligible to join this lawsuit.**" and should include language

stating that "**The Court has not ruled on the claims in this lawsuit, and this notice does not imply, in any way, court endorsement of Plaintiff's claims.**" Furthermore, the notice should include in the paragraph entitled "EFFECT OF JOINING THIS LAWSUIT" language informing potential class members that "**If you choose to join the lawsuit you could be called as a witness at trial and be required to attend.**" Plaintiff must submit the revised notice including the aforementioned provisions to the Court within seven days of the entry of this Order. The Court will, at that time, review the notice to ensure that it meets the requirements described above, including neutrality and accuracy, before approving it.

## ORDER

IT IS THEREFORE ORDERED that the Plaintiff's Motion to Conditionally Certify a Collective Action under § 216(b) of FLSA, (ECF No. 8), is GRANTED.

IT IS FURTHER ORDERED that Plaintiffs resubmit an updated proposed notice edited to comply with the Order of this Court as outlined above within seven days of this Order.

This, the 7th day of January 2022.

/s/Loretta C. Biggs
United States District Judge

6

Case 1:21-cv-00506-LCB-JLW   Document 21   Filed 01/10/22   Page 6 of 6