IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION
CASE NUMBER: 1:21-cv-506

| | |
|---|---|
| Tiffany Wade, individually, and on behalf of all others similarly situated,<br>*Plaintiff*,<br><br>vs.<br><br>JMJ Enterprises, LLC and<br>Traci Johnson Martin,<br>*Defendants*. | *Defendants' Reply Memorandum to Plaintiff's Response in Opposition to the Defendants' Motion for Summary Judgment* |

ARGUMENT

I. Summary Judgment should be Granted as to any and all claims brought by the Collective as well as the Plaintiff representative

Pursuant to Rule 56(a), a party may move for summary judgment, identifying each claim or defense — or the part of each claim or defense — on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Further, pursuant to Rule 56(e), if a party fails to properly address another party's assertion of fact as required by Rule 56(c), the court may, among other things, consider the fact undisputed for purposes of the motion; or grant summary judgment if the motion and supporting materials — including the facts considered undisputed — show that the movant is entitled to it. In analyzing a summary judgment motion, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby*,

1

*Inc.*, 477 U.S. 242, 248 (1986). The movant bears the burden of establishing the absence of a genuine dispute of material fact, *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986), and "any factual assertion in the movant's affidavits will be accepted ... as being true unless the plaintiff submits h[er] own affidavits or other documentary evidence contradicting the assertion," *Neal v. Kelly*, 963 F.2d 453, 456 (D.C. Cir. 1992) (internal quotation marks omitted).

"While the Court will view the facts and inferences drawn in the light most favorable to the nonmoving party, the party opposing the motion for summary judgment must put forth specific facts showing a genuine issue for trial." *Dunn v. Aclairo Pharm. Dev. Grp., 401(k) Plan*, No. 1:15-CV-975, 2016 WL 592787, at *2 (E.D. Va. Feb. 10, 2016) (unpublished) (citing *Anderson*, 477 U.S. at 248). In that regard, the nonmoving party cannot rest on conclusory allegations or denials, and "[t]he mere existence of a scintilla of evidence" will not defeat a summary judgment motion. *Anderson*, 477 U.S. at 252, 256; *Learson v. Berryhill*, No. 1:18CV348, 2018 WL 4717973, at *4 (M.D.N.C. Oct. 1, 2018). Neither a "scintilla of evidence" advancing the plaintiff's position, see *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986), nor counsel's argument, without evidence such as sworn affidavits attached to the objections to summary judgment, will satisfy the necessary standard for creating a triable issue, *Celotex*, 477 U.S. at 324, 106 S.Ct. at 2553.

In the present case, the plaintiffs fail entirely to address any of the facts or evidence incorporated in the defendants moving papers. Rather, the plaintiff's counsel argues facts not supported by any evidence in the case, and highlights bullet point conclusory allegations. The only "new" evidence presented by the plaintiff(s) and attached to her response in opposition to the defendants' motion for summary judgment are the wage statements and chronotek time records produced during discovery by the defendants. These documents do not support any

argument attempted to be advanced by the plaintiff(s). Conversely, they affirm the defendant JMJ's assertion that it not only maintained records in compliance with FLSA and NCWHA guidelines, but also, did not destroy evidence related to the timekeeping system in this case.

On these facts and supporting evidence thereof, the defendants motion for summary judgment should be GRANTED.

II. <u>Traci Martin is not liable as an employer</u>

The Plaintiff's reliance on the North Carolina Court of Appeals ruling in *Powell v. P2Enterprises, LLC*, 247 N.C. App. 731, 786 S.E.2d 798 (2016) to support her claim of individual liability for Traci Martin is misplaced. A core issue in *Powell* involved whether and which of two (2) different entities (or individuals) was considered the plaintiff's employer for purposes of determining liability for unpaid wages. Both individuals had been owners and managers of the defendant P2Enterprises at some point during the plaintiff's employment; however, one quit before the plaintiff brought his claims against the company. In the present case, there is no dispute whatsoever that Traci Martin is the sole owner of JMJ Enterprises. Likewise, there is no dispute that JMJ Enterprises was the plaintiffs employer; and that Traci Martin was acting within the scope of her employment and in furtherance of the business of JMJ Enterprises during the period of the alleged FLSA and NCWHA violations.

Thus, in order for Martin to be liable individually for the allegations against the corporate entity, JMJ, the court would have to pierce the corporate veil. North Carolina courts apply the instrumentality rule when reviewing a claim for piercing the corporate veil. The instrumentality rule states in pertinent part; a corporation which exercises actual control over another, operating the latter as a mere instrumentality or tool, is liable for the torts of the corporation thus controlled. In such instances, the separate identities of parent and subsidiary of affiliated

3

corporations may be disregarded. *Glenn v. Wagner*, 313 N.C. 450, 454, 329 S.E.2d 326, 330 (1985) (internal quotation marks and citation omitted; *Best Cartage, Inc. v. Stonewall Packaging, LLC*, 727 S.E.2d 291 (N.C. App. 2012). "The rule applies if the corporation 'had no separate role of its own,' and a dominant shareholder exercised 'actual control' to 'operate[ ] the [corporation] as a mere instrumentality or tool.' *Glenn*, 313 N.C. at 457." *Gallaher v. Ciszek*, 2022 NCBC 67 (N.C. Super. Ct. 2022).

The failure of the plaintiff(s) in the present case is to establish some legal basis to extend liability from JMJ, to include Traci Martin individually. Here, only one (1) corporation is alleged to have violated FLSA and NCWHA; and there are no facts establishing that Martin operated JMJ as a mere instrumentality or alter ego for herself, as the sole owner, to shield herself from activities that violated the aforementioned Acts. *Dodd v. Manheim Auctions, Inc.*, 725 S.E.2d 674 (N.C. App. 2012). On these facts, there simply is no basis for this Court to pierce the corporate veil.

## CONCLUSION

Defendants pray the Court that it GRANT their motion for summary judgment as to all claims brought by the Plaintiffs; and GRANT the Counterclaim Plaintiff's motion for summary judgment on its Breach of Contract claim.

This the 28th day of March, 2023.

GRAY NEWELL THOMAS, LLP.

BY: /s/ Angela Gray
      Angela Newell Gray
      7 Corporate Center Court, Suite B
      Greensboro, NC  27408
      Telephone:   (336) 285-8151
      Facsimile:    (336) 458-9359
      Email:        angela@graynewell.com

*Attorney for Defendants/Counterclaim Plaintiff*
NC Bar # 21006

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION
CASE NUMBER: 1:21-cv-506

| | | |
|---|---|---|
| Tiffany Wade, individually, and on behalf of all others similarly situated,<br>    *Plaintiff*, | )<br>)<br>)<br>) | |
| vs. | )<br>)<br>) | <u>*Certificate of Service*</u> |
| JMJ Enterprises, LLC and<br>Traci Johnson Martin,<br>    *Defendants*. | )<br>)<br>) | |

    I, Angela Newell Gray, Attorney for the Defendants, do hereby certify that I filed the foregoing Defendants' Reply Memorandum in Opposition to the Plaintiff's Response to the Defendants Motion for Summary Judgment with the Clerk of Court using the CM/ECF electronic filing service which will send electronic notification to the following CM/ECF participants: L. Michelle Gessner at michelle@mgessnerlaw.com.

This the 28th day of March, 2023.

GRAY NEWELL THOMAS, LLP.

BY:    <u>/s/ Angela Gray</u>
        Angela Newell Gray
        7 Corporate Center Court, Suite B
        Greensboro, NC 27408
        Telephone:    (336) 285-8151
        Facsimile:    (336) 458-9359
        Email:    angela@graynewell.com
        *Attorney for Defendants/Counterclaim Plaintiff*
        NC Bar # 21006

VERIFICATION OF COMPLIANCE WITH LOCAL RULE 7.3(d)(1)

The undersigned hereby verifies that the foregoing brief does not exceed 3,125 words.

This the 28th day of March, 2023.

/s/ Angela Gray
Angela Gray
N.C. Bar. No. 21006
7 Corporate Center Court, Suite B
Greensboro, NC 27408
Telephone: 336-285-8151
Facsimile: 336-458-9359
Email: angela@graynewell.com