UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION
CIVIL ACTION NO. 1:21-CV-506

| | |
|---|---|
| TIFFANY WADE, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>JMJ ENTERPRISES, LLC and TRACI JOHNSON MARTIN,<br><br>Defendants. | **PLAINTIFFS' MOTION TO CONTINUE TRIAL AND TO ALLOW RULE 23(c)(2)(b) CLASS NOTICE TO BE SENT TO CLASS MEMBERS NOTIFYING OF THEIR RIGHTS** |

Plaintiff Tiffany Wade, individually and on behalf of herself and all others similarly situated ("Plaintiffs"), by and through their undersigned counsel, submits this Motion to Continue the Trial of this matter to a date convenient for the Court in 2024 to allow adequate time for a Rule 23 Class Notice to be mailed to all class members, as required by Rule 23(c)(2)(b) informing class members of their rights, and allowing the opportunity for any class member to opt-out as required by Rule 23, should they so choose.

In support of this Motion Plaintiffs show the Court the following:

1. On January 14, 2022 this Court conditionally certified Plaintiffs' FLSA claims under Section 216(b) as a collective action and allowed notice to be sent to all potential members of the FLSA collective action, allowing individuals to opt-in. [ECF No. 24]

2. On August 19, 2022 the Court set the trial date for this case as December 4, 2023. [ECF No. 58]

3. On September 30, 2023 the Court issued its Order certifying Plaintiffs Rule 23 North Carolina Wage Hour Act Class Action for certain of Plaintiffs claims. [ECF No. 90]

1

4. The Court's order was silent regarding issuing the required Rule 23 Notice of Class Action to the Rule 23 Class members, and allowing time to notify class members of their rights, including to opt-out should they so choose.

5. Rule 23 (c)(2)(b) states as follows: For any class certified under Rule 23(b)(3) the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice may be by one or more of the following: United States mail, electronic means, or other appropriate means. The notice must clearly and concisely state in plain, easily understood language:

    (i) the nature of the action;

    (ii) the definition of the class certified;

    (iii) the class claims, issues, or defenses;

    (iv) that a class member may enter an appearance through an attorney if the member so desires;

    (v) that the court will exclude from the class any member who requests exclusion;

    (vi) the time and manner for requesting exclusion; and

    (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

6. To expeditiously prepare a proposed class notice and obtain an updated class list, on October 20, 2023, Plaintiffs' counsel began engaging with Defendants' counsel to provide updated class information, and to agree on a Rule 23 compliant class notice to notify the class of their rights. [Ex. A]

7. Defense counsel did not respond until October 31, 2023 indicating that she did not agree with Plaintiffs' position and required court intervention. *Id.*

8. To protect the rights of the class members, before a jury trial commences, and in compliance with Rule 23, Plaintiffs respectfully request that the Court enter an Order for the following:

   a. Requiring Defendants to provide an updated class list providing the name, address, and dates of employment for all class members who worked for Defendants from June 21, 2018 through present, within seven (7) days of this Court's Order;

   b. Require the parties to meet and confer and submit a proposed class notice in compliance with Rule 23(c)(2)(b) to the Court within five (5) business days of this Court's Order;

   c. Allow Class Notice to be mailed via U.S. First Class Mail by Plaintiffs' Class Counsel within seven (7) business days of receiving Defendants' updated Class List and approval of the class notice from the Court;

   d. Allow Class Members thirty (30) days to opt out as required by Rule 23; and

   e. Reset the Trial date of this matter to accommodate the required Rule 23 class notice and opt-out period to a date convenient for the Court in 2024.[1]

9. In accordance with LR 6.1, counsel for the Parties have conferred as reflected in Exhibit A.

10. This Motion is made in good faith and not for the purpose of undue delay or harassment and only to protect the rights of the class members to opt-out should they so choose.

---

[1] Plaintiffs' counsel is scheduled for trial in a 5,500 Plaintiff class/collective action pending in the WDNC captioned *Stafford et al v. Bojangles* - 3:20-cv-266-MOC on February 20, 2024 and respectfully requests that trial be reset for mid-January 2024 or after the *Stafford* trial which is expected to last no more than 7-10 days.

3

Case 1:21-cv-00506-LCB-JLW   Document 92   Filed 11/03/23   Page 3 of 4

Respectfully submitted this 3rd day of November 2023.

*/s/ L. Michelle Gessner*
L. Michelle Gessner, NCSB#26590
GESSNERLAW, PLLC
602 East Morehead Street
Charlotte, North Carolina 28202
Tel: (704) 234-7442; Fax: (980) 206-0286

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this day a true and correct copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

This 3rd day of November 2023.

*/s/ L. Michelle Gessner*
L. Michelle Gessner, NCSB # 26590
GESSNERLAW, PLLC
602 East Morehead Street
Charlotte, North Carolina 28202
Tel: (704) 234-7442; Fax: (980) 206-0286
Email: michelle@mgessnerlaw.com
*Plaintiffs' Class Counsel*