IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION
CIVIL ACTION NO.: 1:21-cv-00506-LCB-JLW

| | | |
|---|---|---|
| Tiffany Wade, on behalf of herself and all others similarly situated, *Plaintiff*, | ) ) ) ) ) ) | |
| vs. | ) ) ) | *Defendants' Proposed Jury Instructions* |
| JMJ Enterprises, LLC and Traci Martin, *Defendants*. | ) ) | |

COME NOW the Defendants, by and through the undersigned counsel, Angela Newell Gray, submitting their written request to the court for proposed special jury instructions[1] pursuant to Rule 51(a)(1) of the Federal Rules of Civil Procedure as follows:

FLSA CLAIMS

The Plaintiff has brought claims under the Fair Labor Standards Act, also referred to as FLSA. The Fair Labor Standards Act, as amended, hereinafter referred to as the Act, is a Federal statute of general application which establishes minimum wage and overtime pay, among other requirements.

Authority: 29 U.S.C. §§ 202(a), 206, 207

In this case, the Plaintiff claims that the Defendant did not pay the Plaintiff the minimum wage and overtime pay that was required by law. In order for the Plaintiff to establish her claim that the Defendant failed to pay her minimum wage for hours worked in violation of the FLSA,

---

[1] The Defendants have not included standard jury instructions used in civil cases; however, will do so if necessary at the Court's discretion.

she must prove by a preponderance of the evidence that the Defendant failed to pay her for any hours she worked. The Plaintiff bears the burden of proving she performed work for which she was not properly compensated. The minimum wage rate applicable in this case is $7.25 per hour.
Authority: 29 U.S.C. § 206(a)(1).

An employee's workweek is a fixed and regularly recurring period of 168 hours—seven consecutive 24-hour periods. It need not coincide with the calendar week but may begin on any day and at any hour of the day. "Hours worked" means all time spent by an employee that was primarily for the benefit of the employer or the employer's business. Such time constitutes hours worked if the employer knew or should have known that the work was being performed. For an employer to have "suffered" an employee to work and thereby be obligated to pay the employee for that time, it must know or have reason to believe that the employee is working.
Authority: 29 C.F.R. § 785.11; see *Handler v. Thrasher*, 191 F.2d 120 (10th Cir. 1951).

In order for the Plaintiff to establish her claim for the Defendant's failure to pay her overtime pay in violation of the FLSA, she must prove by a preponderance of the evidence that the Defendant failed to pay the Plaintiff overtime pay for all hours Plaintiff worked in excess of forty in one or more workweeks.
Authority: 29 U.S.C. § 207 (overtime wages).

There is no requirement in the Act that overtime compensation be paid weekly. The general rule is that overtime compensation earned in a particular workweek must be paid on the regular pay day for the period in which such workweek ends. When the correct amount of overtime compensation cannot be determined until some time after the regular pay period, however, the requirements of the Act will be satisfied if the employer pays the excess overtime compensation as soon after the regular pay period as is practicable.

Authority: § 778.106 Time of payment.

In this case, the Plaintiff claims that the Defendant did not pay the Plaintiff the minimum wage required by law during time she spent in training and meetings. In order for the Plaintiff to establish her claim that the Defendant failed to pay her minimum wage for hours spent in training, she must prove by a preponderance of the evidence that she attended training for which she was not compensated. Attendance at lectures, meetings, training programs and similar activities need not be counted as working time if the following four criteria are met:

    (a) Attendance is outside of the employee's regular working hours;

    (b) Attendance is in fact voluntary;

    (c) The course, lecture, or meeting is not directly related to the employee's job; and

    (d) The employee does not perform any productive work during such attendance.

Authority: § 785.27 General Training.

There are some special situations where the time spent in attending lectures, training sessions and courses of instruction is not regarded as hours worked. For example, an employer may establish for the benefit of his employees a program of instruction which corresponds to courses offered by independent bona fide institutions of learning. Voluntary attendance by an employee at such courses outside of working hours would not be hours worked even if they are directly related to his job, or paid for by the employer.

Authority: § 785.31 Special situations.

Here, the Plaintiff contends that she attended training at a church prior to being assigned work at one of the defendant's group homes and was not compensated for the time she spent during that training. The Defendant alleges that it was not required to compensate the Plaintiff

3

for that time because she was not eligible to work for it unless and until she completed training required by the state of North Carolina.

The FLSA's anti-retaliation provision, 29 U.S.C. § 215(a)(3), provides that it shall be unlawful for "any person" to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act..." A plaintiff asserting a prima facie claim of retaliation under the FLSA must show that (1) she engaged in an activity protected by the FLSA; (2) she suffered adverse action by the employer subsequent to or contemporaneous with such protected activity; and (3) a causal connection exists between the employee's activity and the employer's adverse action.

Authority: *Wolf v. Coca–Cola Co.*, 200 F.3d 1337, 1342–43 (11th Cir.2000); *Conner v. Schnuck Mkts., Inc.*, 121 F.3d 1390, 1394 (10th Cir.1997); *Darveau v. Detecon, Inc.*, 515 F.3d 334, 340 (4th Cir. 2008).

An adverse employment action is a discriminatory act which "adversely affect[s] 'the terms, conditions, or benefits' of the plaintiff's employment."

Authority: *Von Gunten v. Maryland*, 243 F.3d 858, 865 (4th Cir.2001) (quoting *Munday v. Waste Mgmt. of North America, Inc.*, 126 F.3d 239, 243 (4th Cir.1997)); *James v. Booz-Allen & Hamilton, Inc.*, 368 F.3d 371, 375 (4th Cir. 2004).

In determining what constitutes an adverse employment action for Title VII purposes, the Fourth Circuit consistently has focused on "whether there has been discrimination in what could be characterized as ultimate employment decisions such as hiring, granting leave, discharging, promoting, and compensating."

Authority: *Page v. Bolger*, 645 F.2d 227, 233 (4th Cir.1981).

It is undisputed that the Counterclaim Plaintiff gave the Counterclaim Defendant a payday advance of $600.00 which was not repaid. Therefore, "What amount is the Counterclaim Plaintiff entitled to recover from the Counterclaim Defendant for breach of contract?" The Counterclaim Plaintiff is entitled to recover actual damages. On this issue the burden of proof is on the Counterclaim Plaintiff. This means that the Counterclaim Plaintiff must prove, by the greater weight of the evidence, the amount of actual damages sustained as a result of the breach. A person damaged by a breach of contract is entitled to be placed, insofar as this can be done by money, in the same position he would have occupied if there had been no breach of the contract.

Authority: *Bowen v. Fidelity Bank*, 209 N.C. 140, 144, 183 S.E. 266, 268 (1936); *Delta Environmental Consultants of North Carolina, Inc. v. Wysong & Miles Co.*, 132 N.C. App. 160, 171-72, 510 S.E.2d 690, 698, *disc. rev. denied*, 350 N.C. 379, 536 S.E.2d 70 (1999); *Cole v. Sorie*, 41 N.C. App. 485, 490, 255 S.E.2d 271, 274, *disc. rev. denied*, 298 N.C. 294, 259 S.E.2d 9.11 (1979).

N.C.P.I. Civil 503.06 Contracts-issue of Common Law Remedy-statement of Damages Issue (North Carolina Pattern Jury Instructions for Civil Cases (2023 Edition))


This the 13th day of November, 2023.

GRAY NEWELL THOMAS, LLP.

BY: /s/ Angela Gray
    Angela Newell Gray
    7 Corporate Center Court, Suite B
    Greensboro, NC  27408
    Telephone:   (336) 285-8151
    Facsimile:   (336) 458-9359
    Email: angela@graynewell.com
    *Attorney for Defendants and Counterclaim-Plaintiff JMJ Enterprises, LLC*
    NC Bar # 21006

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION
CIVIL ACTION NO.: 1:21-cv-00506-LCB-JLW

| | | |
|---|---|---|
| Tiffany Wade, on behalf of herself and all others similarly situated, <br> *Plaintiff*, | ) ) ) ) ) | |
| vs. | ) | *Certificate of Service* |
| | ) ) | |
| JMJ Enterprises, LLC and Traci Martin, <br> *Defendants*. | ) ) | |

I, Angela Newell Gray, Attorney for the Defendants and Counterclaim-Plaintiff, do hereby certify that I filed the foregoing Defendants Proposed Jury Instructions with the Clerk of Court using the CM/ECF electronic filing service which will send electronic notification to the following CM/ECF participants: L. Michelle Gessner at michelle@mgessnerlaw.com.

This the 13th day of November, 2023.

Gray Newell Thomas, LLP

BY:     /s/ Angela Gray
        Angela Newell Gray
        7 Corporate Center Court, Suite B
        Greensboro, NC  27408