# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| TIFFANY WADE, individually, and on behalf of all others similarly situated, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) 1:21CV506<br>)<br>) |
| JMJ ENTERPRISES, LLC & TRACI JOHNSON MARTIN, | )<br>)<br>)<br>) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

LORETTA C. BIGGS, Senior District Judge.

Tiffany Wade, on behalf of herself and all others similarly situated, ("Plaintiffs"), brought this action alleging violations of the Fair Labor Standards Act and violations of the North Carolina Wage and Hour Act, against JMJ Enterprises, LLC and Traci Johnson Martin ("Defendants"). (ECF No. 53 ¶¶ 74–95.) This case was previously set for trial, however, following a hearing, the Court granted Plaintiffs' Motion to Continue Trial and continued the matter to allow the parties time to file the motions that are addressed in this Order. (Minute Entry dated April 9, 2025.) Before the Court is Plaintiffs' Motion for Reconsideration, (ECF No. 120), Defendants' Motion to Amend Class Certification, (ECF No. 122), and Plaintiffs' Motion for Clarification, (ECF No. 127). For the reasons stated herein, Plaintiffs' Motion for Reconsideration will be denied, Defendants' Motion to Amend Class Certification will be denied, and Plaintiffs' Motion for Clarification will be granted.

## I. BACKGROUND

Plaintiff Tiffany Wade ("Plaintiff Wade") commenced this action on June 21, 2021. (ECF No. 1.) On January 10, 2022, this Court, upon motion of Plaintiff, conditionally certified Plaintiff's action as a Fair Labor Standards Act ("FLSA") collective action under 29 U.S.C. § 216(b) with respect to her claims under the FLSA. (ECF No. 21 at 6.) Plaintiffs subsequently filed an Amended Complaint on June 7, 2022. (ECF No. 53.) In their Complaint, Plaintiffs allege that Defendants failed to compensate them for time associated with attending trainings and mandatory meetings, failed to pay them overtime, and failed to pay them on time. (ECF No. 53 ¶¶ 66–95.)

Plaintiffs' Amended Complaint contains five counts, three of which are federal claims under the FLSA: (Count I) failure to pay minimum wages for all hours worked; (Count II) failure to pay overtime wages; and (Count V) retaliation. (*Id.* at ¶¶ 66–73, 74–81, 96–98.) Plaintiffs' two other claims are state law claims under the North Carolina Wage and Hour Act ("NCWHA"): (Count III) failure to pay wages due, and (Count IV) failure to pay overtime wages. (*Id.* at ¶¶ 82–88, 89–95.) Defendants in their Answer to the Amended Complaint, asserted a counterclaim against Plaintiff Wade for breach of contract. (ECF No. 54 at 13–14.)

On September 30, 2023, this Court, granted in part Plaintiff's Motion to Certify a Rule 23 Class, dismissed Count IV of the Amended Complaint, and denied Defendants' Motion to Decertify the FLSA Collective Action. (ECF No. 90 at 27–28.) Regarding Rule 23 class certification, the Court conditionally certified the NCWHA class for wages due for training, wages due for mandatory meetings, and wages due for improper reductions from employee time logs pursuant to N.C. Gen. Stat. § 95-25.6 and § 95-25.7. (*Id.*) Further, regarding Count

IV of Plaintiffs' Amended Complaint, failure to pay overtime wages under the NCWHA, the Court found that claim to be preempted by the FLSA. (*Id.* at 4.)

Following discovery, Defendants filed a Motion for Summary Judgment. (ECF No. 77.) The Court found that a genuine issue of material fact exists with respect to Count V, Plaintiff Wade's individual count of retaliation, and denied summary judgment. (ECF No. 103 at 7.) Additionally, the Court denied summary judgment with respect to Defendants' counterclaim of breach of contract. (*Id.* at 10.) However, as the Court made findings regarding class certification prior to ruling on Defendants Motion for Summary Judgment, the Court found Defendants' motion to be moot with respect to the issues in Count I, II, and III as they pertain to the Rule 23 class and the FLSA collective action. (*Id.* at 2–3.) The Court ordered that Defendants were allowed to file a renewed Motion for Summary Judgment as to Counts I, II, and III. (*Id.*)

On February 26, 2024, Defendants filed a Second Motion for Summary Judgment on the issues in Count I, II, and III. (ECF No. 108.) The Court granted in part and denied in part Defendants' motion. (ECF No. 117 at 13.) The Court granted the motion with respect to Plaintiffs' claim in Count I of failure to pay wages due for trainings that occurred prior to the first day of work, and the Court denied the motion with respect to all other claims under Count I, II, and III. (*Id.*) The parties then filed the three instant motions. The Court will address each motion in turn.

## II. MOTION FOR RECONSIDERATION

Plaintiffs filed a Motion for Reconsideration of this Courts Order granting Defendants' Motion for summary judgment with respect to Plaintiffs' claim in Count I of failure to pay

3

wages due for trainings that occurred prior to the first day of work.  (ECF No. 120.)  Plaintiffs argue that the Order "requires reconsideration to correct a clear error of law and to prevent manifest injustice."  (ECF No. 121 at 1.)  Defendants counter that Plaintiffs have not met their burden to prove a clear error of law as they "cite to no legal authority upon which this Court could base a reconsideration of its previous ruling."  (ECF No. 124 at 3.)

A. **Standard of Review**

Under Rule 54(b) of the Federal Rules of Civil Procedure, the "district court retains the power to reconsider and modify its interlocutory judgments, including partial summary judgments, at any time prior to final judgment when such is warranted." *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514–15 (4th Cir. 2003); *see* Fed. R. Civ. P. 54(b).  That power is "committed to the discretion of the district court" and may be exercised as justice requires. *Am. Canoe Ass'n*, 326 F.3d at 515.  Although the Rules "do not set out a[ ] standard for reconsideration of interlocutory orders," most courts have "adhered to a fairly narrow set of grounds" in assessing a Rule 54(b) motion: whether "(1) there has been an intervening change in controlling law; (2) there is additional evidence that was not previously available; or (3) the prior decision was based on clear error or would work manifest injustice." *See Akeva, L.L.C. v. Adidas Am., Inc.*, 385 F. Supp. 2d 559, 565–66 (M.D.N.C. Aug. 29, 2005).  In general, Rule 54(b) motions "should not be used to rehash arguments the court has already considered" or "to raise new arguments or evidence that could have been raised previously." *South Carolina v. United States*, 232 F. Supp. 3d 785, 793 (D.S.C. 2017).

B. **Discussion**

In this Courts' ruling on summary judgment, the Court granted Defendants' summary judgment only with respect to Plaintiffs' claim in Count I of failure to pay wages due for

4

trainings that occurred prior to the first day of work. (ECF No. 117 at 13.) The Court determined that under the FLSA the type of training that Plaintiffs underwent prior to their first day of work (i.e., CPR, first aid, medication management, and seizure management) was not compensable because they are not "specific to the functions related to JMJ Enterprises." (*Id.* at 8.); *See McLaughlin v. Ensley*, 877 F.2d 1207, 1208, 1210 (holding that the plaintiff's in that case are considered employees for FLSA purposes because the training included "specific job functions related to [the employer's] own business," which were of "practically no transferable usefulness."). Therefore, Defendants were granted judgment as a matter of law on that claim under Count I. (ECF No. 117 at 8.)

Plaintiffs, in their brief, repeatedly make the argument that the court sua sponte raises the issue of whether Plaintiffs were employees during their initial training. (ECF No. 121 at 1, 2, 6, 8.) Plaintiffs state that if they knew the court would sua sponte raise the issue they would have "directed the Court to multiple places in the record where Plaintiffs' status as employees was admitted by JMJ and/or correctly assumed by this Court." (*Id.* at 2.)

First, the Court did not sua sponte raise the issue of whether Plaintiffs were considered employees prior to their first day of work. In arguing for summary judgment Defendants state "Wade could not be, and was not considered, an *employee* of JMJ unless and until she completed voluntary, state mandated requirements related to healthcare providers." (ECF No. 109 at 8.) (emphasis added). In fact, Defendants specifically refer to the training as "pre-employment training." (*Id.* at 10.) Defendants then argue that the FLSA is not applicable because Plaintiff Wade's first day of work was on February 25, 2021, when she first began at JMJ not on February 23, 2021, when she completed her training. (*Id.*)

5

Therefore, the issue before the Court on summary judgment was whether Plaintiffs are considered employees under the FLSA, therefore entitling them to compensation for training completed prior to their first day of work. What this Court determined is that training completed prior to the first day of work is not compensable under the FLSA. (ECF No. 117 at 8.); *see also McLaughlin v. Ensley*, 877 F.2d 1207, 1209, 1210 (1989).

Although Plaintiffs make the assertion that the dismissal of their claim "constitutes a clear error of law" they cite to no case law contrary to the Court's decision. (*See* ECF No. 121.) Plaintiffs' main argument to support a reconsideration is that there are multiple instances in the record and in this Courts previous Order's that state that Plaintiffs were employees. The Court is not persuaded by this argument.

First Plaintiffs argue that their Amended Complaint and Defendants Answer show that there was never any question as to whether Plaintiff Wade was an employee when she attended the training." (ECF No. 121 at 2–3.) However, allegations in initial pleadings are just that, allegations.

Plaintiffs further argue that "[t]he Court has repeatedly recognized that Plaintiff Wade was employed at the time she attended the initial training." (ECF No. 121 at 4.) To support this argument, Plaintiffs cite to this Courts' statement of facts in its previous Orders. However, the Courts factual statements in the Order granting Plaintiffs' Motion for Conditional Certification, and the Order granting Plaintiff's Motion for Leave to Amend the Complaint, were a recitation of the allegations in the Complaint. (*See* ECF Nos. 21 at 1–2; 49 at 1–4; 52.) None of the Orders Plaintiffs list constitute factual findings by the Court.

"Motions for Reconsideration are an extraordinary remedy which should be used sparingly." *Pacific Ins. Co. v. Am. Nat. Fire Inc. Co.*, 148 F.3d 396, 403 (4th Cir. 1998). The Court finds that Plaintiffs' Motion is "merely an attempt to reassert arguments previously before the Court and [to] disagree with the Court's ruling in this matter." *Matter of Vulcan Constr. Materials, LLC.*, 433 F.Supp.3d 816, 822 (E.D. Va. July 16, 2019). To the extent Plaintiffs disagree with the Courts ruling, their recourse is appeal, they have not stated a basis for this Court to alter its' prior Order. Accordingly, Plaintiffs' Motion for Reconsideration is denied.

## III. MOTION TO AMEND CLASS CERTIFICATION

The second motion before the Court is Defendants' Motion to Amend the Class Certification Order, (ECF No. 90). (ECF No. 122.) Defendants argue that the class certification requires amendment because of new case law and the Court's Order on summary judgment. (ECF No. 123 at 1.) Plaintiffs counter that the new case law does not affect the class certification and that no "new facts" were established after the Order conditionally certifying the class or the Order granting in part summary judgment. (ECF No. 125 at 1.)

### A. Standard of Review

Under Fed R. Civ. P. 23, "[a]n order that grants or denies class certification may be altered or amended before final judgment." Fed. R. Civ. P. 23 (c)(1)(C). The rule "empowers district courts to 'alter or amend' class certification orders based on circumstances developing as the case unfolds. *Amgen Inc. v. Connecticut Ret. Plans and Tr. Funds*, 568 U.S. 455, 479, n.9 (2013) (quoting Fed. R. Civ. P. 23(c)(1)(C)) (internal citations omitted). "Even after a certification order is entered, the judge remains free to modify it in the light of subsequent developments in the litigation." *Gen. Tel. Co. of the Southwest v. Falcon*, 457 U.S. 147, 160 (1982).

7

**B. Discussion**

As stated above, on September 30, 2023, this Court granted in part Plaintiffs' Motion to Certify a Rule 23 Class for Plaintiffs' claim of failure to pay wages due under the NCWHA. (ECF No. 90 at 27–28.) The Court conditionally certified the NCWHA Class for "wages due for training, wages due for mandatory meetings, and wages due for improper reductions from employee time logs pursuant to N.C. Gen. Stat § 95-25.6 and § 95-25.7. (*Id.* at 19, 27.) The Court did not grant Plaintiffs request for class certification pursuant to Count IV of failure to pay overtime wages. (*Id.*) It is this Order, (ECF No. 90), that is the subject of Defendants' Motion to Amend. (*See ECF* No. 123 at 1.)

Defendants first argument is that in light of the Fourth Circuit decision in *Stafford v. Bojangles' Restaurants, Inc.*, the class definition is "too broad." (ECF No. 123 at 4.) In 2024, the Fourth Circuit in *Stafford*, vacated a certification order because the district court relied on a vague and overly general policy in deciding commonality, and because the district court created an overly broad class definition. 123 F.4th 671, 678.

In *Stafford*, the certified class was defined as "all persons who worked as a shift manager at Bojangles in the state of North Carolina at any time from three years prior to the filing of this Complaint to the entry of judgment in the case." *Id.* at 677. Here, Defendants argue that "[t]he Plaintiff's NCWHA class has been broadly defined as all non-exempt hourly paraprofessionals/residential counselors who worked for JMJ Enterprises, LLC and/or Traci Martin, in the state of North Carolina, at any time from June 21, 2019, to present." (ECF No. 123 at 2.)

8

This Court does not find Defendants' arguments persuasive. The Court in *Stafford* found that the class was too broadly defined because the "sole defining characteristic" of the class is that the class contains Bojangles shift managers. *Stafford*, 123 F.4th at 681. The Court held that the class contained no reference to the type of work the members performed nor whether they must allege a denial of overtime pay or time-shaving, plaintiffs other claims. *Id.* However, in the instant case, the Court in certifying the class stated in its Order that the class is conditionally certified for "wages due for training, wages due for mandatory meetings, and wages due for improper reductions from employee time logs." (ECF No. 90 at 27.) This Court specifically stated that it was "organiz[ing] the class by issue", (*id.* at 18), which satisfies the lack of "precise class parameters" that were at issue in *Stafford*. *Stafford*, 123 F.4th at 682.

Further, this case is distinguishable from *Stafford*, because in *Stafford* the Fourth Circuit held that the "putative class is too overinclusive to ensure commonality" as some members "may lack off-the-clock or time-shaving claims . . . thus no question of law or fact is common with these individuals." *Id.* at 681. The Fourth Circuit in that case found that when the district court analyzed the commonality element of class certification, the court relied "most heavily" on the fact that 80% of the prospective class members worked the opening shift and were required to complete tasks before opening for which they were not compensated. *Id.* at 676, 677.

It was the district courts reliance on the tasks completed on opening shift to find commonality that was the issue, because the commonality was found on only one of the class claims. The Fourth Circuit stated that "the district court did not address whether any of

9

plaintiffs' other off-the-clock and time-shaving claims constituted a common question." *Id.* at 679. That is distinct from this Courts' findings in the instant case.

In this Court's Order granting class certification on Plaintiffs' NCWHA claims, when analyzing commonality, the Court held,

> After reviewing the entirety of the record, the Court finds that the questions central to Plaintiff's claim for wages due unite putative class members under a "common contention." *See Wal-Mart*, 564 U.S. at 350. The questions here all center on Defendants' employee time recording and wage policies and practices and relate to whether Defendants properly compensated putative class members for time worked. Furthermore, these questions are all based on the same legal theory—violation of the NCWHA's payday provisions, specifically N.C. Gen. Stat. § 95-25.6 and § 95-25.7. Based on the information in the record, these questions appear well suited to common resolution—a "yes, they did" or "no, they did not" that will apply to all class members and "resolve an issue that is central to the validity" of each member's claim for wages due.

(ECF No. 90 at 9.) "[T]he Rule 23 inquiry does not end upon the identification of a common question alone . . . [the common contention] must predominate over all other individualized issues." *Stafford*, 123 F.4that 679. Therefore, this Court finds that the holding in *Stafford* does not alter this Courts Order granting Rule 23 class certification.

Next, Defendants, in their brief, go through each of Plaintiffs' claims and argue that class certification should be decertified or modified. The Court first notes that it is unclear on the basis of Defendants arguments here.

Defendants spend seven pages going through each of Plaintiffs' claims citing almost exclusively to allegations in the Amended Complaint. (*See* ECF No. 123 7–13.) Defendants discuss Plaintiffs claims regarding training, meetings, overtime, and itemized deductions. (*Id.*) However, Defendants' arguments appear to be a recitation of the Amended Complaint and this Court's summary judgment Order. Defendants end each section of their arguments with

10

"having come to this conclusion in the present case, different questions abound, most importantly those about [] whether the class will meet the requirements of Rules 23(a) and (b)(3). (ECF No. 123 at 9, 10–11, 12, 13.) The Court is unclear what this means as Defendants do not point the Court to specific portions of Rule 23 that they believe are called into question. Nor do defendants clearly argue their positions or cite to any case law or evidence from the record that supports such positions. It is not this Court's job to piece together Defendants' arguments. For these reasons, Defendants' Motion to Amend Class Certification is denied.

## IV.     MOTION FOR CLARIFICATION

The third motion before the Court is Plaintiffs' Motion for Clarification. (ECF No. 127.) In this motion Plaintiffs "ask the Court to clarify whether Count III, seeking, 'all wages and tips accruing to the employee on the regular payday,' includes promised overtime, or whether the Court intends that the only overtime available in this case is through Count II, failure to pay overtime under the FLSA." (ECF No. 128 at 2.) Defendants do not respond to the substance of Plaintiffs' arguments, rather they state that Plaintiffs failed to state the grounds for the relief they seek. (ECF No. 129 at 1.)

When Plaintiffs filed their Amended Complaint, they asserted two claims for overtime pay: failure to pay overtime wages under the FLSA (Count II) and failure to pay overtime wages under the NCWHA, (Count IV). (ECF No. 53 ¶¶ 74–81, 89–95.) This Court certified the FLSA collective action with respect to the overtime wage claim under the FLSA. (ECF No. 21 at 6.) However, in certifying the Rule 23 class with respect to Plaintiffs' NCWHA claims (Counts III and IV outlined above), this Court found that the overtime wages claim (Count IV) is preempted by the FLSA. (ECF No. 90 at 2–5.)

11

Plaintiffs overtime wages claim under Count IV alleges that Defendants failed to pay overtime wages in violation of N.C. Gen. Stat. § 95-25.4. (ECF No. 53 ¶ 90.) In it's Order this Court found that N.C. Gen. Stat. §95-25.4 is exempted under the NCWHA, and it is also preempted by the FLSA as it is duplicative of the overtime claims brought under the FLSA. (ECF No. 90 at 3–4.) Plaintiffs agree that "the Court correctly concluded that Count IV should be dismissed," (ECF No. 128 at 7).

However, Plaintiffs contend that although Count IV regarding overtime wages is dismissed, they should be able to bring claims regarding overtime wages for their other claim under the NWCHA, Count III. (*Id.* at 2.) Count III alleges that Defendants failed to pay Plaintiffs "all wages and tips accruing to the employee on the regular payday" pursuant to N.C. Gen. Stat. § 95-25.6. (ECF No. 53 at ¶¶ 82–88.) N.C. Gen. Stat. § 95-25.6 states that "every employer shall pay every employee all wages and tips accruing to the employee on the regular payday." N.C. Gen. Stat. § 95-25.6.

Plaintiffs seek clarification of whether the Court's Order dismissing their overtime claim under Count IV, stops them from seeking recovery of overtime hours under Count III. The Court will clarify that it does not. The Court specifically stated in its Order, "Count III brought under § 95-25.6 [] of the NCWHA is not preempted by the FLSA." (ECF No. 90 at 4.)

Further, Count III is not exempted by the NCWHA. As Plaintiffs' claim under Count III relates to an alleged failure by Defendants to pay "all wages earned by Plaintiff" it is not specific to just unpaid overtime wages and not exempted under the NCWHA. *See Roldan v. Bland Landscaping Company Inc.*, 3:20-CV-00276-RJC-DSC, 2021 WL 7185223 at *7 (W.D.N.C.

Mar. 15, 2021) (finding that Plaintiff brining overtime claims in not exempt under the NCWHA because his claims "relate to all earned, accrued, and unpaid wages —not just unpaid overtime wages—and are not to be exempted under N.D. Gen. Stat. § 95-25.14.").

While this Court believes that the Order speaks for itself, the Court did not say anything about overtime claims with respect to Count III, the Order merely dismissed Plaintiffs' overtime claim under § 95-25.4 (Count IV). To the extent Plaintiffs deem that a clarification the Court will grant Plaintiffs' motion in part.

For the reasons stated herein, the Court enters the following:

## ORDER

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Reconsideration, (ECF No. 120), is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Amend Class Certification Order, (ECF No. 122), is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Clarification of the Court's Order, (ECF No. 127), is **GRANTED in part**.

This, the 29th day of August 2025.

/s/ Loretta C. Biggs
Senior United States District Judge