IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION
CIVIL ACTION NO.: 1:21-cv-00506-CCE

Tiffany Wade, on behalf of herself and )
all others similarly situated, )
    *Plaintiff*, )
)
)
) *Defendants' Proposed*
    vs. ) *Special Jury Instructions*
)
)
JMJ Enterprises, LLC and Traci Martin, )
    *Defendants*. )

COME NOW the Defendants, by and through the undersigned counsel, Angela Newell Gray, submitting their written request to the court for proposed special jury instructions[1] pursuant to Rule 51(a)(1) of the Federal Rules of Civil Procedure as follows:

### FLSA CLAIMS

The Plaintiff has brought claims under the Fair Labor Standards Act, also referred to as FLSA. The Fair Labor Standards Act, as amended, hereinafter referred to as the Act, is a Federal statute of general application which establishes minimum wage and overtime pay, among other requirements.

Authority: 29 U.S.C. §§ 202(a), 206, 207

In this case, the Plaintiffs claim that the Defendant did not pay them the minimum wage that was required by law while they attended mandatory recertification training. In order for the Plaintiffs to establish this claim, they must prove by a preponderance of the evidence that the

---

[1] The Defendants have not included standard jury instructions used in civil cases; however, will do so if necessary at the Court's discretion.

Defendant failed to pay them for any hours they attended mandatory recertification training. The Plaintiffs bear the burden of proving they attended mandatory recertification training and were not properly compensated. The minimum wage rate applicable in this case is $7.25 per hour.
Authority: 29 U.S.C. § 206(a)(1).

In this case, the Plaintiffs claim that the Defendant did not pay them the minimum wage that was required by law while they attended mandatory meetings. In order for the Plaintiffs to establish this claim, they must prove by a preponderance of the evidence that the Defendant failed to pay them for any hours they attended mandatory meetings. The Plaintiffs bear the burden of proving they attended mandatory meetings and were not properly compensated. The minimum wage rate applicable in this case is $7.25 per hour.
Authority: 29 U.S.C. § 206(a)(1).

In order for the Plaintiff to establish her claim for the Defendant's failure to pay her overtime pay in violation of the FLSA, she must prove by a preponderance of the evidence that the Defendant failed to pay the Plaintiff overtime pay for all hours Plaintiff worked in excess of forty in one or more workweeks.
Authority: 29 U.S.C. § 207 (overtime wages).

There is no requirement in the Act that overtime compensation be paid weekly. The general rule is that overtime compensation earned in a particular workweek must be paid on the regular pay day for the period in which such workweek ends. When the correct amount of overtime compensation cannot be determined until some time after the regular pay period, however, the requirements of the Act will be satisfied if the employer pays the excess overtime compensation as soon after the regular pay period as is practicable.
Authority: § 778.106 Time of payment.

The FLSA's anti-retaliation provision, 29 U.S.C. § 215(a)(3), provides that it shall be unlawful for "any person" to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act..." A plaintiff asserting a prima facie claim of retaliation under the FLSA must show that (1) she engaged in an activity protected by the FLSA; (2) she suffered adverse action by the employer subsequent to or contemporaneous with such protected activity; and (3) a causal connection exists between the employee's activity and the employer's adverse action.

Authority: *Wolf v. Coca–Cola Co.*, 200 F.3d 1337, 1342–43 (11th Cir.2000); *Conner v. Schnuck Mkts., Inc.*, 121 F.3d 1390, 1394 (10th Cir.1997); *Darveau v. Detecon, Inc.*, 515 F.3d 334, 340 (4th Cir. 2008).

An adverse employment action is a discriminatory act which "adversely affect[s] 'the terms, conditions, or benefits' of the plaintiff's employment."

Authority: *Von Gunten v. Maryland*, 243 F.3d 858, 865 (4th Cir.2001) (quoting *Munday v. Waste Mgmt. of North America, Inc.*, 126 F.3d 239, 243 (4th Cir.1997)); *James v. Booz-Allen & Hamilton, Inc.*, 368 F.3d 371, 375 (4th Cir. 2004).

In determining what constitutes an adverse employment action for Title VII purposes, the Fourth Circuit consistently has focused on "whether there has been discrimination in what could be characterized as ultimate employment decisions such as hiring, granting leave, discharging, promoting, and compensating."

Authority: *Page v. Bolger*, 645 F.2d 227, 233 (4th Cir.1981).

It is undisputed that the Counterclaim Plaintiff gave the Counterclaim Defendant a payday advance of $600.00 which was not repaid. Therefore, "What amount is the Counterclaim Plaintiff entitled to recover from the Counterclaim Defendant for breach of contract?" The Counterclaim Plaintiff is entitled to recover actual damages. On this issue the burden of proof is on the Counterclaim Plaintiff. This means that the Counterclaim Plaintiff must prove, by the greater weight of the evidence, the amount of actual damages sustained as a result of the breach. A person damaged by a breach of contract is entitled to be placed, insofar as this can be done by money, in the same position he would have occupied if there had been no breach of the contract.

Authority: *Bowen v. Fidelity Bank*, 209 N.C. 140, 144, 183 S.E. 266, 268 (1936); *Delta Environmental Consultants of North Carolina, Inc. v. Wysong & Miles Co.*, 132 N.C. App. 160, 171-72, 510 S.E.2d 690, 698, *disc. rev. denied*, 350 N.C. 379, 536 S.E.2d 70 (1999); *Cole v. Sorie*, 41 N.C. App. 485, 490, 255 S.E.2d 271, 274, *disc. rev. denied*, 298 N.C. 294, 259 S.E.2d 9.11 (1979).

N.C.P.I. Civil 503.06 Contracts-issue of Common Law Remedy-statement of Damages Issue (North Carolina Pattern Jury Instructions for Civil Cases (2023 Edition))

This the 12th day of January, 2026.

ANGELA GRAY LAW, P.A.

BY: /s/ Angela Gray
      Angela Newell Gray
      7 Corporate Center Court, Suite B
      Greensboro, NC  27408
      Telephone:   (336) 285-8151
      Facsimile:   (336) 458-9359
      Email: angela@angelagraylaw.com
      *Attorney for Defendants and Counterclaim-Plaintiff JMJ Enterprises, LLC*
      NC Bar # 21006

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION
CIVIL ACTION NO.: 1:21-cv-00506-CCE

| | | |
|---|---|---|
| Tiffany Wade, on behalf of herself and all others similarly situated, *Plaintiff*, | ) ) ) ) ) | |
| vs. | ) ) ) | *Certificate of Service* |
| JMJ Enterprises, LLC and Traci Martin, *Defendants*. | ) ) | |

I, Angela Newell Gray, Attorney for the Defendants and Counterclaim-Plaintiff, do hereby certify that I filed the foregoing Defendants Proposed Special Jury Instructions with the Clerk of Court using the CM/ECF electronic filing service which will send electronic notification to the following CM/ECF participants: L. Michelle Gessner at michelle@mgessnerlaw.com.

This the 12th day of January, 2026.

ANGELA GRAY LAW, P.A.

BY: /s/ Angela Gray
Angela Newell Gray
7 Corporate Center Court, Suite B
Greensboro, NC 27408