IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| TIFFANY WADE, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 1:21-CV-506 |
| JMJ ENTERPRISES, LLC and TRACI JOHNSON MARTIN, | ) ) ) | |
| Defendants. | ) ) | |

## ORDER

In this wage-and-hour case, the Court conditionally certified a collective in January 2022, certified a Rule 23 class and denied a motion to decertify the collective in September 2023, resolved summary judgment motions in April 2025, and denied a motion to reconsider and a motion to amend and clarify the class certification order in August 2025. The case was then ready for trial, which was set for February 2026. Some 10 weeks later, the plaintiff moved to continue the trial and sought additional discovery and a supplemental class notice. The defendants then moved to decertify the Rule 23 class. As previously indicated by a short text order filed January 14, 2026, all motions are denied, primarily but not exclusively, because they are untimely.

I.   **Relevant Procedural History and Status of Case**

Defendants JMJ Enterprises, LLC and Traci Johnson Martin, the sole owner of JMJ, operate three group homes in Greensboro, North Carolina. Doc. 90 at 1. JMJ

employed the plaintiff, Tiffany Wade, at one of its group homes, Fresh Start Home for Children, for a few weeks in early 2021. *Id.* at 1–2.

After Ms. Wade resigned on April 9, 2021, she filed this wage-and-hour action. *Id.* at 2. In her complaint, she asserted claims under both the federal Fair Labor Standards Act and the North Carolina Wage and Hour Act, sought to proceed as an FLSA collective and a Rule 23 class action, and asserted an individual claim for retaliation. Doc. 1. In a counterclaim, the defendants allege that Ms. Wade failed to repay a $600 paycheck advance. Doc. 54 at 13–14.

The Court[1] conditionally certified an FLSA collective in January 2022 for Ms. Wade's claims that defendants had "a policy of not compensating employees for time spent attending training and mandatory meetings" and that this policy violated the FLSA. Doc. 21 at 5. Soon thereafter, the court approved a proposed notice advising that the collective members were defined as "all current and former non-exempt hourly employees who are or were employed by JMJ Enterprises, LLC and/or Traci Johnson Martin beginning June 21, 2018 to the present." Doc. 24 at 1. Since then, several employees opted to join the case. Docs. 30, 34, 35, 37, 40, 41, 42, 43, 44.

Ms. Wade sought leave to file an amended complaint, which was granted. Doc. 52; *see also* Doc. 49 at 3 (summarizing the additional facts and claims added in the proposed amended complaint). In the amended complaint, which is now the operative complaint for this action, she alleges that JMJ required that she and other employees

---

[1] This case was originally assigned to the Honorable Loretta Biggs, but it was reassigned to the undersigned on December 15, 2025, after Judge Biggs became inactive.

2

attend mandatory, unpaid work meetings; regularly refused to pay time-and-a-half for overtime; failed to pay all wages due when they became due; and retaliated against her when she complained about these practices. Doc. 53. She again asserts both state and federal claims.

The plaintiffs then filed a motion to certify a class for the state wage-and-hour claims. Doc. 71. The Court dismissed a state law claim as pre-empted, Doc. 90 at 2–5, and certified a class as to the "pay-day" state law wage-and-hour claim. *Id.* at 19 ("The Court conditionally certifies the NCWHA Class for wages due for training, wages due for mandatory meetings, and wages due for improper reductions from employee time logs pursuant to N.C. Gen. Stat. § 95-25.6 and § 95-25.7."); *see also id.* at 27 (so ordering).

The Court also denied the defendants' motion to decertify the collective. *Id.* Specifically, the Court held that the case can "proceed as a collective action under the FLSA with respect to [Plaintiff's] allegations that Defendants have a policy of not compensating employees for time spent attending training and mandatory meetings, not paying overtime, and improperly reducing employee time logs." *Id.*

On December 1, 2023, the Court approved the parties' joint proposed class notice. Doc. 101 (approving Doc. 100-1). That notice defined the approved class as "All non-exempt hourly paraprofessionals/residential counselors who worked for JMJ Enterprises, LLC, and/or Traci Martin, in the state of North Carolina, at any time from June 21, 2019 to present." Doc. 100-1 at 3.

After discovery concluded, the defendants' motions for summary judgment were granted in part. Docs. 103, 117. The FLSA claim in Count 1 was dismissed to the extent

3

the plaintiff asserted that JMJ failed to pay her and other employees for time spent in training before their first day of work. Doc. 117 at 13. The motions were otherwise denied. *Id.*

After the second order resolving summary judgment issues was filed on April 1, 2025, *id.*, the plaintiff sought reconsideration, Doc. 120, and the defendants sought to amend the order certifying a class. Doc. 122. The plaintiff then sought an order clarifying the class certification order. Doc. 127. By order filed August 29, 2025, the Court denied the motions for reconsideration and to amend the class certification order but granted the motion for clarification, explaining that the dismissal of Count 4 would not bar recovery of overtime wages under Count 3. Doc. 131 at 12–13.

The Court understands that the claims remaining for trial are:

**Count 1**, Failure to Pay Minimum Wages under FLSA. Doc. 53 at 13–14.
> Trial on claim of Ms. Wade and opt-in plaintiffs limited to alleged failure to pay employees for time spent in mandatory meetings.

**Count 2**, Failure to Pay Overtime Wages under FLSA. *Id.* at 14–15.
> Trial on claim of Ms. Wade and opt-in plaintiffs that they were not paid overtime rates for hours worked more than 40 hours in a work week.

**Count 3**, Failure to Pay Wages when Due under NCWHA. *Id.* at 15–16
> Trial on individual and class claim for alleged failure to pay wages due for training, wages due for mandatory meetings, and wages due for improper reductions from time logs.

**Count 5**, Retaliation in Violation of FLSA. *Id.* at 18.

4

Trial on Ms. Wade's individual claim that adverse employment actions were taken against her because she complained about FLSA violations and unpaid training programs.

**Defendants' Counterclaim**, Breach of Contract. Doc. 54 at 13.

Trial on the defendants' claim that Ms. Wade breached an oral contract to repay a $600 paycheck advance.

Shortly after the August 2025 order resolving the last of the issues related to summary judgment and class certification, the undersigned as Chief Judge directed the parties and their counsel to appear for a settlement conference with Magistrate Judge Webster and advised the parties that the case would be reassigned in view of the expected retirement of the original judge. Text Order 09/17/2025. The settlement conference did not result in a settlement, *see* Minute Entry 10/09/2025, and on October 24, 2025, the case was set for trial during the February 2026 term of court. Doc. 136.

Almost two months later, the plaintiff filed a long-titled motion seeking various forms of relief. Doc. 138. The Court denied it without prejudice after identifying numerous problems with the motion. Text Order 12/17/2025. The plaintiff renewed the motion, again seeking multiple forms of relief, on December 30, 2025. Doc. 140 ("Motion to Continue Trial and Pending Pretrial Deadlines and Motion to Allow Supplemental Rule 23(c)(2)(b) Class Notice to Be Mailed to Class Members, and Additional Production of Data for Plaintiffs Damages Calculations"); *see also* Doc. 141 (brief in support). On January 12, 2026, the defendants responded in opposition, Doc. 147, and also filed a motion to decertify the Rule 23 class. Doc. 148.

5

## II. The Plaintiff's Motion

The plaintiff moves to continue the trial, contending that supplemental Rule 23 class notice is needed because there are employees who started working at JMJ after the class notice was distributed. But the class as defined only includes certain types of employees who worked at JMJ from "from June 21, 2019 *to present*," Doc. 100-1 at 3 (emphasis added), that is, the date of the order approving the notice, which was December 1, 2023.

Since the class does not include persons hired by JMJ since the class notice was approved, there is no need to issue supplemental notice or compel JMJ to turn over a list of employees who started work after December 1, 2023. Employees hired after that date will not be bound by the results of this case. As a result, there is no need to require JMJ to produce updated employee lists[2] or to continue the trial.[3]

## III. The Defendants' Motion

This motion is untimely. The defendants do not explain why they waited over four months from the resolution of their motion to amend class certification, Doc. 131, to file this new motion, also directed to class certification. Nor do they explain why they did not raise these arguments in that earlier motion or, if they did, why they should be

---

[2] The plaintiff offers no real explanation for why it did not raise the matter of post-certification hires with the Court earlier. If this was a real problem, counsel should have raised it at a time when her proposed solution would not have delayed trial. This alone is a reason to deny this aspect of the request.

[3] Ms. Wade did not sign the motion to continue as required by Local Rule 40.1(b). *See* Doc. 140 at 5 (showing no signature from Ms. Wade). This alone is grounds for denying the continuance.

6

allowed to repeat them now well after discovery has closed.  The present motion also suffers from the same defects identified by the Court in the order denying that earlier motion.  Doc. 131 at 9–11.  The motion and brief are full of conclusory assertions without citation to specific evidence.  The Court will not require the plaintiff to respond, as it is clear the motion should be denied.

## IV. Conclusion

The events at issue largely occurred in 2021, well more than four years ago.  Yet the parties appear determined to delay trial.  They have asked for extensions of the discovery schedule, *see generally* Text Orders 08/03/2022, 09/26/2022, and the extensive motions practice has repeatedly resulted in continuances of trial dates.  *See, e.g.*, Docs. 98, 111; Minute Entry 04/09/2025.  No doubt some of these extensions, continuances, and motions were appropriate.  But the time has come to stop litigating and to resolve the plaintiff's claims and the defendants' counterclaim on the merits.

In the Court's discretion, it is **ORDERED** that:

1. The plaintiff's motion to continue trial and pending deadlines, and motion to allow supplemental Rule 23(c)(2)(B) class notice to be mailed to class members, Doc. 140, is **DENIED**.

2. The defendants' motion to decertify conditional Rule 23 class, Doc. 148, is **DENIED**.

This the 16th day of January, 2026.

_____
UNITED STATES DISTRICT JUDGE

7

Case 1:21-cv-00506-CCE-JLW    Document 155    Filed 01/16/26    Page 7 of 7