UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION
CIVIL ACTION NO. 1:21-CV-506

TIFFANY WADE, individually, and on behalf of all others similarly situated,

        Plaintiffs,

v.

JMJ ENTERPRISES, LLC and TRACI JOHNSON MARTIN,

        Defendants.

**PLAINTIFFS' PROPOSED VERDICT FORM**

**I. PLAINTIFFS' FLSA COLLECTIVE CLAIMS**

**SECTION A: FLSA LIABILITY**

    1.    Have Plaintiffs met their burden of proving by a preponderance of the evidence that JMJ Enterprises failed to pay minimum wages for all hours worked, including mandatory training and/or mandatory meetings, in violation of the Fair Labor Standards Act?

Answer Yes or No: _____

    If your answer is Yes, write the amount of unpaid minimum wages only

        $_____

    2.    Have Plaintiffs met their burden of proving by a preponderance of the evidence that JMJ Enterprises failed to pay overtime compensation for hours worked in excess of forty (40) hours in a workweek, in violation of the Fair Labor Standards Act?

Answer Yes or No: _____

    If your answer is Yes, write the amount of unpaid overtime wages:

        $_____

1

**SECTION B: TRACI MARTIN EMPLOYER LIABILITY — FLSA**

    3.    Have Plaintiffs met their burden of proving by a preponderance of the evidence that Traci Johnson Martin was an "employer" of Plaintiffs under the Fair Labor Standards Act?

Answer Yes or No: _____

**SECTION C: WILLFUL VIOLATION OF FLSA**

    4.    Have Plaintiffs met their burden of proving by a preponderance of the evidence that JMJ Enterprises' violation(s) of the Fair Labor Standards Act were willful?

Answer Yes or No: _____

    5.    Have Plaintiffs met their burden of proving by a preponderance of the evidence that Traci Johnson Martin's violation(s) of the Fair Labor Standards Act were willful?

Answer Yes or No: _____

**II.    PLAINTIFFS' RULE 23 NCWHA CLASS CLAIMS**

**SECTION A: RULE 23 LIABILITY**

    6.    Have the North Carolina Class Plaintiffs met their burden of proving by a preponderance of the evidence that JMJ Enterprises failed to pay earned wages when due?

Answer Yes or No: _____

    If your answer is Yes, write the amount of unpaid wages owed:

        $_____

**SECTION B: TRACI MARTIN EMPLOYER LIABILITY — NCWHA**

    7.    Have Plaintiffs met their burden of proving by a preponderance of the evidence that Traci Johnson Martin was an "employer" of Plaintiffs under the North Carolina Wage and Hour Act?

Answer Yes or No: _____

### III. TIFFANY WADE INDIVIDUAL RETALIATION CLAIM

8. Has Plaintiff Tiffany Wade met her burden of proving by a preponderance of the evidence that Defendants took an adverse employment action against her because she complained about unpaid wages or opposed practices prohibited by the Fair Labor Standards Act?

Answer Yes or No: _____

If your answer is Yes, write the amount of compensatory damages:

$_____

### IV. DEFENDANT JMJ ENTERPRISES, LLC'S COUNTERCLAIM AGAINST TIFFANY WADE

9. Has Defendant JMJ Enterprises, LLC met its burden of proving by a preponderance of the evidence that Tiffany Wade breached an oral agreement to repay a $600 payroll advance?

Answer Yes or No: _____

If your answer is Yes, write the amount of damages awarded to JMJ Enterprises, LLC:

$_____

**Sign and date this verdict form and return it to the court.**

Dated this \_\_day of February 2026.

FOREPERSON

Signature: _____

Print Name: _____

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this day a true and correct copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

This 20th day of January 2026.

/s/ *L. Michelle Gessner*
L. Michelle Gessner (NC Bar No. 26590)
GessnerLaw, PLLC
6146 Rea Road STE B7, Box #77126
Charlotte, NC 28277
Telephone: (704) 234-7442
E-Mail: michelle@mgessnerlaw.com

*Plaintiffs' Class Counsel*
