IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| TIFFANY WADE on behalf of herself and all others similarly situated, | ) | |
| Plaintiff, | ) | |
| v. | ) | 1:21-CV-506 |
| JMJ ENTERPRISES, LLC, et al., | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Catherine C. Eagles, Senior District Judge

This matter is set for trial on December 7, 2026, for a jury to determine class damages. This order resolves pending motions in limine.

## I. Plaintiff's Motion in Limine No. 1

The plaintiff moves in limine "to exclude evidence relitigating liability and to define the permissible use of individual and representative damages evidence." Doc. 214. The defendants acknowledge that "the parties should not be allowed to relitigate liability." Doc. 233 at 2. But then defendants say they will "introduc[e] time records which indicate there were no unpaid hours." *Id.*

The jury at the first trial determined that JMJ "faile[ed] to pay class members all wages due" in a number of categories and that it made "unauthorized deductions from the class's wages for training costs." Doc. 181 at 3 (Issues 2C and 3). The defendants cannot relitigate that by attempting to show that "there were no unpaid hours." Doc. 233 at 2.

That said, the plaintiff cannot prevent the defendants from challenging the plaintiff's damages calculations. The first jury did not decide class damages, and the defendants are entitled to address the sufficiency, reliability, and weight of the class's evidence and to argue to the jury that the class has not met its burden of proof to establish the amount of actual damages as to any or all class members.

In the motion in limine, the plaintiff has not pointed to any particular exhibit on the defendants' exhibit list that they seek to exclude. If and when the defendants attempt to offer testimony at trial that class members were not underpaid, the plaintiff can object.

The parties are reminded that there will be time limits imposed for the trial. Three days is the maximum likely to be authorized, and the Court may well allow less time. *See* Doc. 198 at 6 (order noting that "the first trial only took three days, and this trial should not take any more time than that" and that "three days will be sufficient if the parties are organized"). The parties should consider whether they want to use limited time offering irrelevant evidence or challenging admissible evidence. As at the first trial, time spent on unsuccessful evidence arguments will count against the losing party.

## II. Plaintiff's Motion in Limine No. 2

The plaintiff moves "to exclude undisclosed witnesses," contending that defendants in their pretrial disclosures have identified several witnesses whom they had not previously named in their Rule 26(a)(1)(A)(i) disclosures. Doc. 216. The plaintiff moves to exclude any testimony from these witnesses. *Id.*

Rule 37(c)(1) provides that where a party fails to identify a witness as required by Rule 26(a), "the party is not allowed to use that . . . witness to supply evidence . . . at a

trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Exclusion is the ordinary consequence of nondisclosure, subject to the two exceptions in the Rule. *S. States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 595–97 (4th Cir. 2003).

Here, the defendants make no argument that they identified these witnesses in their initial disclosures and they have made no showing of substantial justification. They contend only that the class is "not prejudiced" by their late disclosure. Doc. 233 at 2–3.

First, the defendants point out that several of these witnesses are class members who are on the plaintiff's "may call" witness list and that the plaintiff has had plenty of time to interview these class members. *Id.*; *See* Doc. 212 at 2–5. The fact that the plaintiff may need to call a class member to testify does not remove the prejudice resulting if the defendants are allowed to call a newly identified witness to testify on a specific — and presently unknown — matter. If and when the plaintiff calls any of these class member witnesses, then of course the defendants may cross-examine them and ask questions on any relevant topic.

Defendants next say that the testimony of two of these newly identified witnesses, Elizabeth Auston and Michelle Kennery, is relevant because they are employees of Payroll Solutions, the entity that provided payroll data used as evidence in the first trial and that will be offered again in this trial. Doc. 233 at 2. The defendants contend that these witnesses will not contradict the accuracy of the Woolfson summary[1] but will

[1] The Court assumes that the parties' reference to the "Woolfson summary" is a reference to the exhibit at Doc. 192-1. *See* Order Doc. 207.

"provide factual, firsthand knowledge of the business records that have been produced in this case and what they reflect." *Id.* at 3. From that vague description, it is not clear what records their testimony will address; none of the exhibits listed by the defendants are identified as records of Payroll Solutions. Doc. 208 at 3. Allowing such previously undisclosed witnesses to testify about essentially unknown matters is obviously prejudicial to the plaintiff.

To the extent these witnesses might be offered to testify about the data summarized in the plaintiff's admissible Rule 1006 summary, there is the possibility of additional confusion and waste of time. The defendants had a full opportunity to present their own summary and to challenge the plaintiff's summary and "raised no rational dispute as to the accuracy of the Rule 1006 summary proffered by the plaintiff." Doc. 207 at 3. The Court has already determined that the plaintiff's "proffered Rule 1006 summary as filed at Doc. 192-1, will be admitted into evidence without further foundation" and that "the defendants are precluded from challenging its accuracy at trial." *Id.* at 4. The defendants cannot indirectly challenge the accuracy of that summary at trial when they failed to do so earlier during a fair process designed specifically to give them that opportunity.

This motion in limine will be granted and the defendants are precluded from calling Valerie Sanders, Jennifer Hammonds Taylor, Yolanda Hall, Laurie Abrams, Sadie Best, Latasha Beamon, Vallerie Boga Bass, Elizabeth Auston, Michelle Kennery, Tianza Wade, Carlita Anglin, and Gwendolyn Smith as witnesses at trial.

## III. Plaintiff's Motion in Limine No. 3

The plaintiff moves to exclude testimony from three of the defendants' identified witnesses, Elizabeth Auston, Michelle Kennery, and Beth Chambers, whom the plaintiff characterizes as "payroll witnesses." Doc. 218, Doc. 219 at 1.

The Court has already excluded testimony from Ms. Auston and Ms. Kennery as part of resolving Plaintiff's Motion in Limine Number 2 because those witnesses were not disclosed earlier in the case as required by the Federal Rules of Evidence.

As to Ms. Chambers, the plaintiff contends that she should not be allowed to testify that JMJ's payroll records are complete or that the plaintiff's Rule 1006 summary is inaccurate. Doc. 219 at 3. To this limited extent, the motion will be granted. As just discussed, the defendants are precluded from challenging the accuracy of the Rule 1006 summary. And the jury at the first trial necessarily concluded that the payroll records were incomplete when they specifically found that JMJ failed to pay class members based on "improper reductions from time log" and "work never input into Chrono-Tech System." Doc. 181 at 3 (Issue 2C).

Beyond that, whether testimony from Ms. Chambers is admissible will have to await trial. The plaintiff asks that the Court require a proffer outside the jury's presence before Ms. Chambers is allowed to testify. While it is not clear from the briefing, the Court can imagine the possibility the witness might have relevant and admissible evidence to offer. In its discretion, the Court will not require a proffer unless and until the defendants begin to waste time with inadmissible or confusing testimony, whether that testimony is mixed in with admissible testimony or not. Should the defendants do

so, they can expect their trial time to be reduced. But the plaintiff is reminded that the defendants are entitled to challenge the plaintiff's damages calculations and the plaintiff faces the same risk if she wastes time attempting to prevent the defendants from doing so.

## IV. Plaintiff's Motion in Limine No. 4

The plaintiff moves to exclude evidence or argument mentioning that class members have or have not actively participated in the litigation. Doc. 220. The defendants did not address this motion in their response brief. *See* Doc. 233. There being no obvious relevance to such evidence and there being an obvious likelihood of unfair prejudice, the motion will be granted. The defendants' witnesses are precluded from testifying about whether a class member did or did not participate in this litigation and counsel shall not address such participation in any argument to the jury or questions.

## V. Plaintiff's Motion in Limine No. 5

The plaintiff moves "to exclude evidence or argument that any class member is entitled to zero damages because the first jury already found injury." Doc. 222. The jury at the first trial determined that class members were not paid all wages due. Doc. 181 at 3 (Issue 2C). Class members are entitled to recover nominal damages. The defendants cannot argue that the jury should award zero dollars, but the defendants can argue that the plaintiff has not met her burden of proof to show the amount of compensatory damages and that only nominal damages are appropriate. The motion in limine is granted.

## VI. Plaintiff's Motion in Limine No. 6

The plaintiff moves to exclude evidence or argument concerning the defendants' good faith, intent, knowledge, or lack of employee complaints. Doc. 224. The

defendants did not address this motion in their response brief. *See* Doc. 233. There being no obvious relevance to such evidence on the damages issues remaining for trial, the motion will be granted. The defendants' witnesses are precluded from testifying about the defendants' good faith, intent, knowledge, or lack of employee complaints and counsel shall not address such participation in any argument to the jury or questions.

## VII. Defendants' Motion in Limine No. 1

The defendants move to exclude testimony and exhibits about liability and prior jury awards. Doc. 229. As to liability, the parties are directed to the Court's ruling on Plaintiff's Motion in Limine Number 1. The Court will inform the jury of the earlier verdict on class liability and will make clear to the jury that their role is to determine damages, without revisiting liability. That said, the defendants are entitled to contest the plaintiff's evidence as to the amount of damages. As the plaintiff recognizes, some evidence relating to the ways class members were not paid will be necessary for the jury to decide the damages question, and while the defendants cannot contest liability, they can contest the amounts the plaintiff put forth as damages.

The Court cannot think of any reason that the damages awarded by the first jury to FLSA collective members would be relevant, and the plaintiff has not suggested any such relevance. To this limited extent, the motion in limine will be granted.

## VIII. Defendants' Motion in Limine No. 2

The defendants move to "exclude testimony and exhibits, as well as reference to, or evidence of, unpaid overtime wages." Doc. 229. At the first trial, the jury determined that JMJ did not pay class members all wages due for overtime. Doc. 181 at 3 (Issue 2C).

Nothing else appearing, the issue of damages for unpaid overtime is thus one of the issues for resolution at the upcoming trial, and the plaintiff can present evidence of the amount of such unpaid overtime as sought in Count III of the operative complaint pursuant to the North Carolina Wage and Hour Act. *See* Doc. 131 at 12.

The defendants rely on a recent case by the Fourth Circuit to say that such state law overtime claims cannot proceed. Doc. 230 at 3; *Figueroa v. Butterball, LLC*, 164 F.4th 312, 316 (4th Cir. 2026). As the plaintiff correctly points out, the theory rejected by the court in *Figueroa* court is not the one asserted here. Doc. 235 at 3–4. Here, the plaintiff's overtime claims are asserted in Count III pursuant to NCGS § 95-25.6 and § 95-25.7, not by indirect adoption of the overtime requirements in the FLSA.[2]

To the extent the defendants are contending that the Court's summary judgment decision, Doc. 131 at 12, was wrong, a motion in limine is not the appropriate place to make that argument. This motion in limine will be denied.

**IX. Defendants' Motion in Limine No. 3**

The defendants move to exclude "testimony and exhibits from Woolfson, including the Rule 1006 Summary." Doc. 229. The Court gave the defendants a full opportunity to object to the accuracy of the plaintiff's Rule 1006 summary, and the defendants did not do so. *See* Doc. 207. Any effort to make new arguments about the accuracy of the summary are untimely and such new arguments have been waived. To the extent the motion in limine is directed to the exhibit at Doc. 192-1, it is denied.

[2] The exemption provision in NCGS § 95-25.14(a)(1) only applies to overtime claims under § 95-25.4, and does not mention § 95-25.6.

The Court agrees with the defendants, as it has before, that any expert testimony by Mr. Woolfson is inadmissible because the plaintiff never identified him as an expert witness. But one does not have to be qualified as an expert witness to create a summary exhibit. If and when Mr. Woolfson is called to testify and his testimony strays into expert opinion testimony, the defendants can object at trial.

## X. Defendants' Motion in Limine No. 4

The defendants seek to exclude testimony and evidence about previous interactions with the North Carolina Department of Labor and the United States Department of Labor. Doc. 229. They do not identify any exhibits on the plaintiff's exhibit list that fall into this category. The plaintiff says that she "do[es] not anticipate introducing the prior administrative claims at the damages trial" but objects to a blanket exclusion order. Doc. 235 at 6. It is not clear to the court what kind of testimony might be offered that refers to these prior proceedings, how or why it might be relevant or irrelevant, or why it is inadmissible. The motion is denied as unnecessary but without prejudice. If and when the plaintiff offers such testimony and the defendants believe it is inadmissible, the defendants can object at trial.

## XI. Defendants' Motion in Limine No. 5

The defendants move to exclude reference to or evidence of liquidated damages, attorney's fees, and costs. Doc. 229. The plaintiff does not oppose this motion and agrees that these are questions for the Court. Doc. 235 at 7. This motion in limine will be granted.

### XII. Defendants' Motion in Limine No. 6

The defendants move to exclude reference to or evidence of any NCWHA violations before June 21, 2019. Doc. 229. That is the earliest recoverable date for the NCWHA class, as the plaintiff acknowledges. Doc. 235 at 7. The Court does not understand that the plaintiff will offer evidence of any damages related to unpaid wages for work done before June 21, 2019, so any order on this point is unnecessary. If and when the plaintiff offers such evidence, the defendants can object.

The plaintiff is not prohibited from offering evidence about the defendants' practices, systems, or recordkeeping policies during the relevant time, merely because those systems were begun or were in place before June 21, 2019. Such evidence will be evaluated under ordinary standards of relevance and admissibility, if and when it is offered, and the defendants can object at that time if the evidence does not meet those standards.

As is in the Court's discretion, it is **ORDERED** that:

1. The plaintiff's motion in limine No. 1, Doc. 214, is **GRANTED** to the extent that defense counsel and witnesses **SHALL NOT** say or imply that there are no unpaid wages owed but the motion is otherwise **DENIED** without prejudice to objection at trial.
2. The plaintiff's motion in limine No. 2, Doc. 216, is **GRANTED** and defendants are **PRECLUDED** from calling Valerie Sanders, Jennifer Hammonds Taylor, Yolanda Hall, Laurie Abrams, Sadie Best, Latasha Beamon, Vallerie Boga Bass,

Elizabeth Auston, Michelle Kennery, Tianza Wade, Carlita Anglin, and Gwendolyn Smith as witnesses at trial.

3. The plaintiff's motion in limine No. 3, Doc. 218, is **GRANTED** to the extent that Ms. Chambers is not allowed to testify that JMJ's payroll records are complete or that the plaintiff's Rule 1006 summary is inaccurate. It is otherwise **DENIED** without prejudice to objection at trial.
4. The plaintiff's motion in limine No. 4, Doc. 220, is **GRANTED** and defendants' witnesses are **PRECLUDED** from testifying about whether a class member did or did not participate in this litigation and counsel shall not address such participation in any argument to the jury or questions.
5. The plaintiff's motion in limine No. 5, Doc. 222, is **GRANTED** and defendants are **PRECLUDED** from arguing that the jury should award any particular class member zero dollars.
6. The plaintiff's motion in limine No. 6, Doc. 224, is **GRANTED** and the defendants' witnesses are **PRECLUDED** from testifying about the defendants' good faith, intent, knowledge, or lack of employee complaints and counsel **SHALL NOT** address such participation in any argument to the jury or questions.
7. The defendants' motion in limine No. 1, Doc. 229, is **GRANTED** to the extent that plaintiffs' counsel and witnesses **SHALL NOT** refer to or testify about the damages awarded by the first jury to FLSA collective members. It is otherwise **DENIED** without prejudice to objection at trial.

8. The defendants' motion in limine No. 2, Doc. 229, is **DENIED** and the class may proceed with their state law overtime claim for damages.
9. The defendants' motion in limine No. 3, Doc. 229, is **DENIED** as to the Woolfson summary at Doc. 192-1 and **GRANTED** to the extent that Mr. Woolfson is **PRECLUDED** from proffering expert opinion testimony at trial.
10. The defendants' motion in limine No. 4, Doc. 229, is **DENIED** as unnecessary but without prejudice to objection at trial should such evidence of regulatory interactions be proffered.
11. The defendants' motion in limine No. 5, Doc. 229, is **GRANTED** and counsel and witnesses shall not refer to or testify about liquidated damages, attorney's fees, and costs.
12. The defendants' motion in limine No. 6, Doc. 229, is **DENIED** to the extent the defendants seek to exclude all evidence predating June 21, 2019. The denial is without prejudice to objection at trial should the plaintiff offer evidence about damages before that date or argue or contend that damages before that date are available.

This the 5th day of November, 2026.

SENIOR UNITED STATES DISTRICT JUDGE